UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CAMERON SHAW,

          Plaintiff,

    v.

SUE'S PLACE LLC, et al.,

          Defendants.

Case No. 25-cv-04326-TSH

**ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT**

Re: Dkt. Nos. 18, 23

## I.    INTRODUCTION

Plaintiff Cameron Shaw brings this disability rights action alleging discrimination at Sue's Place, a restaurant located at 2265 Pear Street, Pinole, California 94564.  He names as defendants Sue's Place LLC, Ki Young Chung, and Sarah Chung.  Pending before the Court are Plaintiff's Motion for Default Judgment (ECF No. 18) and Defendants' Motion to Set Aside Default (ECF No. 23).  The Court finds these matters suitable for disposition without oral argument and **VACATES** the May 14, 2026 hearing.  *See* Civ. L.R. 7-1(b).  For the reasons stated below, the Court **GRANTS** the motion to set aside default and **DENIES AS MOOT** the motion for default judgment.[1]

## II.    BACKGROUND

### A.    Factual Background

Plaintiff is substantially limited in his ability to walk, uses a wheelchair for mobility, and has substantially limited dexterity.  Compl. ¶ 8, ECF No. 1.  Sue's Place is a restaurant open to the public and a place of public accommodation whose operation affects commerce.  *Id.* ¶ 9.

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 6, 24.

Defendants own, operate, or lease the restaurant. *Id.* ¶ 7.

Plaintiff visited Sue's Place on or about November 6, 2024 to have breakfast. *Id.* ¶ 10. During his visit, Plaintiff alleges he encountered barriers that interfered with or denied his ability to use and enjoy the goods, services, privileges, and accommodations offered at the restaurant. *Id.* Specifically, Plaintiff alleges the following barriers:

    a)    Plaintiff was not able to enter the Facility because there were steps at the entrance that he could not ascend in his wheelchair. He could not find any alternative accessible entrance or other means to gain access to the goods and services offered at the Facility. As a result, he was completely denied access to the Facility.

    b)    Plaintiff's companion went inside the Facility to inquire whether there was an accessible table, and was told by Facility staff, in essence, that the Facility would not be accessible to a wheelchair user such as Plaintiff. Through subsequent investigation, Plaintiff has learned that many aspects of the Facility are inaccessible, including lack of accessible seating, lack of accessible restroom, and lack of sufficient clear width of the accessible routes through the Facility. Plaintiff is deterred from returning to the Facility due to his knowledge that it is completely inaccessible to him.

*Id.* Plaintiff alleges he is deterred from returning based on his knowledge that Sue's Place is completely inaccessible to him. *Id.* ¶ 12. Plaintiff also alleges there may be other disability-related barriers, and he intends to amend to identify and seek removal of all such barriers. *Id.* ¶ 11.

Plaintiff alleges Defendants knew or should have known Sue's Place was inaccessible and in violation of state and federal law, that Defendants have the financial resources and control to remove barriers and comply with applicable accessibility standards, and that Defendants have refused to remove barriers, seek an unreasonable hardship exemption, or otherwise modify Sue's Place, thereby intentionally maintaining it in a noncompliant condition. *Id.* ¶ 13. Plaintiff further alleges the obviousness and persistence of barriers demonstrate discriminatory intent, including refusal to adhere to relevant building standards, disregard of building plans and permits, a decision to maintain the existing architectural layout without removing barriers, and that Sue's Place is not undergoing a remodel and the barriers are not temporary interruptions for maintenance or repairs. *Id.* ¶ 15.

2

United States District Court
Northern District of California

**B.    Procedural Background**

Plaintiff filed this case on May 20, 2025.  He asserts claims under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181, *et seq.*, the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53, and the California Health & Safety Code §§ 19953-59.  Compl. ¶¶ 16-47.  He seeks injunctive relief, as well as statutory damages and attorney's fees and costs.

After Defendants were served and failed to file a response, Plaintiff moved for entry of default pursuant to Federal Rule of Civil Procedure 55(a).  ECF No. 11.  On July 24, 2025, the Clerk of Court entered Defendants' default.  ECF No. 12.

On March 5, 2026, Plaintiff moved for default judgment under Rule 55(b)(2).  ECF No. 18.  Defendants then attempted to make their first appearance in this case by filing an opposition.  ECF No. 20.  However, as a defendant's right to appear in the action is cut off once default has been entered, the Court struck Defendants' opposition.  ECF No. 21.  The Court directed the parties to meet and confer to determine whether they could stipulate to set aside default and proceed on the merits.  *Id.*  The parties were unable to reach an agreement.

On March 31, 2026, Defendants filed the present motion to set aside default.

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for "good cause."  "To determine 'good cause', a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party."  *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (cleaned up).

The Court is free to decline to vacate a default upon a finding of any one of these three factors but is not required to.  *Id.*; *see also Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1112 (9th Cir. 2011) ("This standard is disjunctive, meaning the court may deny the request to vacate default if any of the three factors is true.").  However, when considering whether to set aside default, the Court must bear in mind that "judgment by default is a drastic step appropriate

3

only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091. Furthermore, to ensure cases are decided on the merits, the Court shall resolve "any doubt regarding whether to grant relief in favor of vacating default." *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994).

## IV.    DISCUSSION

### A.    Culpable Conduct

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (cleaned up; emphasis in original). "In this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id.* (cleaned up). The Ninth Circuit has explained that "a defendant's conduct was culpable for purposes of the good cause factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* (cleaned up). Thus, there are two aspects to culpable conduct: (1) failure to act (failure to respond within the time requirements) and (2) intentionality (bad faith). *See id.* at 1093.

Defendants do not deny they failed to respond within the time required, but they contend their default was not willful or in bad faith. Instead, they argue it arose from informal efforts to investigate and resolve Plaintiff's accessibility allegations, including obtaining and sharing a prior 2023 Certified Access Specialist (CASp) inspection report, contacting Plaintiff after learning of the default to request a stipulation to set it aside, and then attempting to appear in the case to oppose default judgment, all without any intent to delay or gain tactical advantage. Mot. at 3-4. Plaintiff responds that "Defendants intended to manipulate the legal process by evading the requirements of General Order 56, essentially refusing to litigate the matter because they felt that Plaintiff's lawsuit was not worth responding to." Opp'n at 4, ECF No. 25. Plaintiff notes that on June 20, 2025, his counsel was contacted by James Kim, who indicated he was responding on behalf of Defendants and requested an open extension to file a response. Moore Decl. ¶ 2, ECF

4

United States District Court
Northern District of California

No. 25-1.  Plaintiff offered to stipulate to a 30-day extension, both at that time and prior to seeking entry of default, but "Mr. Kim repeatedly ignored Plaintiff's counsel's requests to file a stipulation to the extension." *Id.* ¶¶ 4, 10, 12, 13-15.

While Defendants' explanations do not excuse their failure to respond to the complaint, the record does not show an attempt to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the process.  Rather, it reflects negligence in failing to file a response coupled with an effort to resolve the matter informally.  Although initially dilatory, Defendants appeared and filed an opposition on March 17, 2026, less than two weeks after Plaintiff moved for default judgment.  Even though that opposition was stricken, it put Plaintiff on notice of Defendants' intent to defend and the nature of their defenses.  Under these circumstances, Defendants are not "culpable" for purposes of Rule 55.  *See Smith v. Santa Cruz Cnty.*, 2023 WL 3688096, at *3 (N.D. Cal. May 26, 2023) ("There is no evidence here that Defendant's neglect—for there was clearly neglect—was the result of a malicious effort to thwart Plaintiffs' prosecution of this case or the judicial process more generally."); *Sarytchev v. Korolev*, 2013 WL 1501440, at *3 (N.D. Cal. Apr. 11, 2013) (finding no culpability where defendants, though negligent in failing to file an answer, attempted to respond within a month of default, thereby providing notice of intent to defend); *Precision Glassworks, Inc. v. Ghannam*, 2016 WL 2641475, at *2 (N.D. Cal. May 10, 2016) (finding explanation for failure to appear "thoroughly inadequate" where counsel claimed to believe plaintiff's attorney agreed to an extension of time for an investigation and settlement discussions, yet no culpability absent evidence of bad-faith manipulation) (quoting *Mesle*, 615 F.3d at 1092).

The Court also notes this is not a case in which Defendants sought to evade service.  *See Mesle* at 1094 (explaining culpability has usually been found when a party is involved in calculated conduct to "avoid liability by staying out of court: for instance, when companies act to avoid service in order to thwart their customers' attempts to bring suit against them").  As Plaintiff admits, Defendants "were served with the lawsuit [by substitute service] effective June 21, 2025," and "[o]n June 20, 2025, Plaintiff's counsel was contacted by James Kim, who indicated that he was responding on behalf of defendants and requested an 'open extension' to file a response."

Opp'n at 2; Moore Decl. ¶ 2.

Thus, the Court concludes this factor weighs in favor of setting aside default.

**B.    Meritorious Defense**

> A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy. All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default. Rather, that question would be the subject of the later litigation.

*Mesle*, 615 F.3d at 1094.

Defendants assert they have meritorious defenses: (1) "the condition identified by Plaintiff involves the slope connecting the entrance of the premises to the adjacent public right-of-way. This condition is not within Defendants' control."; (2) "Defendants have taken reasonable steps to provide access to customers, including the availability of alternative means of service"; and (3) the 2023 CASp inspection "confirms that there are no readily achievable modifications available to address the condition at issue." Mot. at 4-5. Plaintiff argues these defenses are not valid. Opp'n at 4, ECF No. 25.

"A meritorious defense is one which, if proven at trial, will bar plaintiff's recovery." *Liberty v. Sutton et al.*, 2022 WL 22855057, at *2 (N.D. Cal. Oct. 4, 2022) (internal citation omitted). "A defense is considered meritorious if 'there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Smith v. Compton*, 2024 WL 3973028, at *3 (C.D. Cal. June 24, 2024) (quoting *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986)) (emphasis in original).

Defendants have not filed a proposed answer, but they have set forth facts in their motion to establish a defense. Mot. at 4-5. At this stage, "the Court assumes the facts are true and resolves any doubt in Defendants' favor as is required." *MillerKnoll, Inc., v. Sohnne, Inc., et al.*, 2025 WL 4110050, at *4 (N.D. Cal. Sept. 23, 2025) (cleaned up; quoting *WheelImage Corp v. Axial Manufacturing*, 2024 WL 3086682, at *3 (C.D. Cal. Apr. 25, 2024)). "At this stage, the Court is not tasked with determining whether Defendants will ultimately succeed in their defenses

against Plaintiff[], but merely whether their defense has merit." *Id.* (quoting *WheelImage*, 2024 WL 3086682, at *3); *see also Smith v. Compton*, 2024 WL 3973028, at *3 ("A defendant need only *assert* 'a factual or legal basis that is sufficient to raise a particular defense; the question of whether a particular factual allegation is true is revolved at a later stage.'") (internal citation omitted; emphasis in original).  Therefore, assuming the underlying facts as true and resolving any doubt in Defendants' favor, the Court finds they may have assertible defenses against Plaintiff's claims.  *See MillerKnoll,* 2025 WL 4110050, at *4; *WheelImage*, 2024 WL 3086682, at *2.

In view of the minimal burden facing Defendants at this stage, the Court finds this factor weighs in favor of setting aside entry of default.

**C.    Prejudice**

Prejudice results when the "plaintiff's ability to pursue his claim will be hindered." *Smith v. Santa Cruz Cnty.*, 2023 WL 3688096, at *3 (quotations and citation omitted).  This requires "greater harm than simply delaying resolution of the case." *Mesle*, 615 F.3d at 1094 (cleaned up). Rather, the delay "must result in tangible harm such as a loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Precision Glassworks*, 2016 WL 2641475, at *2 (quotations and citation omitted).

Defendants argue setting aside default will not prejudice Plaintiff because delay alone is insufficient, Plaintiff will retain a full and fair opportunity to litigate, and there is no indication of lost evidence, unavailable witnesses, or other impairment to Plaintiff's ability to prosecute the case.  Mot. at 5.  Plaintiff argues Defendants "have not shown any willingness to resolve the matter amicably nor to participate in the General Order 56 process which is designed to facilitate settlement of ADA claims," and his "only recourse is to seek a default judgment."  Opp'n at 3.

"Generally, there is no prejudice simply because a party loses a quick victory and must instead adjudicate a matter on the merits." *Liberty*, 2022 WL 22855057, at *3.  The Court also notes Defendants attempted to appear in this case less than two weeks after Plaintiff filed his motion for default judgment, and they are ready to defend against his claims.  *See MillerKnoll,* 2025 WL 4110050, at *5 (finding no prejudice where defendants filed their motion to vacate default less than a month after plaintiffs filed their motion for default judgment).  Further, despite

United States District Court
Northern District of California

United States District Court
Northern District of California

the delay in this case, the record does not otherwise support a finding of prejudice if the Court were to set aside the default.  While Plaintiff argues his only recourse is to seek default judgment, he has not demonstrated his ability to pursue the claim would be hindered if Defendants were allowed to proceed on the merits.  For example, Plaintiff does "not identify sources of evidence or discovery that may become unavailable or more difficult to obtain, thereby hindering his ability to prosecute his claims." *Engert v. RoxSan, Inc.*, 2017 WL 10591594, at \*4 (C.D. Cal. Sept. 14, 2017); *Sanchez v. Decision Diagnostics Corp.*, 2022 WL 18142518, at \*9 (C.D. Cal. Dec. 5, 2022) ("Although Plaintiffs argue that delaying may impact their ability to recover, Plaintiffs present insufficient evidence or legal authority for this proposition and do not otherwise cite any possible loss of evidence, increased discovery difficulties, or possible fraud.").  Finally, setting aside the default will not prejudice Plaintiff because "this case is in its infancy, and no substantive litigation or merits decision has occurred yet." *Certain Underwriters at Lloyd's v. S Cue Transportation LLC*, 2024 WL 2834459, at \*4 (N.D. Cal. June 3, 2024).

Accordingly, the Court finds this factor weighs in favor of setting aside entry of default.

## V.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' motion to set aside default. Because the Court grants Defendants' motion, the Court **DENIES AS MOOT** Plaintiff's motion for default judgment.  The parties shall meet and confer by May 11, 2026 and file by May 18, 2026 either a stipulation and proposed order or competing proposals setting forth proposed deadlines for this case moving forward.

**IT IS SO ORDERED.**

Dated: April 27, 2026

THOMAS S. HIXSON
United States Magistrate Judge